IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JIMMY REYNOLDS                                                                             PLAINTIFF

vs.                          Civil No. 6:08-cv-06097

MICHAEL J. ASTRUE                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jimmy Reynolds ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for DIB on July 28, 2005. (Tr. 12, 63). Plaintiff filed his application for SSI on January 18, 2006. (Tr. 12, 222, 232). Plaintiff alleged he was disabled due to left hand amputation, scoliosis, and shoulder problems. (Tr. 71). Plaintiff alleged an onset date

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

of April 30, 1996. (Tr. 63). Plaintiff's DIB application was denied initially on August 25, 2005, and Plaintiff's SSI application was escalated with Plaintiff's request for reconsideration notice. (Tr. 12, 52, 232). Both applications were denied at the reconsideration level on October 19, 2006. (Tr. 48, 229).

On December 13, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 44). This hearing was held on January 8, 2008 in Hot Springs, Arkansas. (Tr. 233-274). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *See id.* Plaintiff, Plaintiff's friend Harvey Hargrove, and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school education. (Tr. 236).

On June 5, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-24). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 1996. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: below the left elbow (non-dominant hand) amputation, degenerative joint disease of the right shoulder, status post acute high lateral myocardial infarction, hypertension, and low back pain due to scoliosis. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-21). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements

2

of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 16-18). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform light work. However, because Plaintiff's amputation was below the elbow in his non-dominant left upper extremity and he had some limited use of a prosthetic device, Plaintiff was able to use his left upper extremity as an assistive device with some limited ability to lift and carry. (Tr. 15, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 22-23, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 237-240, 247-248, 267-270). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a saw mill laborer and welder. (Tr. 22). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform this PRW. (Tr. 22, Finding 6).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 22, Finding 10). Specifically, the VE testified Plaintiff would be able to perform work as a sales attendant with approximately 17,000 such jobs in Arkansas and 2,000,000 such jobs in the nation, messenger with approximately 600 such jobs in Arkansas and 90,000 such jobs in the nation, and office helper/worker with approximately 700 such jobs in Arkansas and 20,000 such jobs in the nation. (Tr. 268-270). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, through the date of the ALJ's decision or through June 5, 2008. (Tr. 24, Finding 11).

On June 16, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7-8). *See* 20 C.F.R. § 404.968. On September 12, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On November 4, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on November 24, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7, 10). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (B) the ALJ erred in his RFC determination, (C) the ALJ failed to fully and

5

fairly develop the record, and (D) the ALJ erred in his evaluation of Plaintiff's subjective complaints. In response, Defendant argues: (A) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (B) the ALJ properly determined the Plaintiff's RFC, (C) the ALJ fully and fairly developed the record, (D) the ALJ properly considered Plaintiff's subjective complaints. This Court will address each of Plaintiff's arguments.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included below the left elbow (non-dominant hand) amputation, degenerative joint disease of the right shoulder, status post acute high lateral myocardial infarction, hypertension, and low back pain due to scoliosis. (Tr. 14, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff initially alleges he has a listed impairment and sets forth fifteen (15) diagnoses that appear throughout the record. (Doc. No. 7, pg. 3-4). However, Plaintiff fails to show his

impairments meet or equal any specific listing. A diagnosis of an impairment is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

Plaintiff also argues he specifically meets Listing 1.02 and 1.04. (Doc. No. 7, Pg. 4-7). To meet Listing 1.02, Plaintiff must have a major dysfunction of a joint with clinical evidence of joint space narrowing, bony destruction, or ankylosis, with either:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively, or

B. Involvement of one major peripheral joint in each upper extremity (i.e.,shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively.

To begin with, there is no credible evidence that Plaintiff is prohibited from ambulating effectively with a weight bearing joint such as the hip, knee, or ankle. Plaintiff refers to Dr. Derick Lewis' September 8, 2006 consultative examination report as support that Plaintiff meets listing 1.02. (Doc. No. 7, pg. 4-6). However, Dr. Lewis found Plaintiff exhibited normal gait and coordination, as well as the full range of lower extremity motion in the hips, knees, and ankles. (Tr. 202-203). Dr Lewis' report also indicates Plaintiff has normal upper limb function with his right hand and full cervical and lumbar spinal ranges of motion. (Tr. 202-203).

In order to meet Listing 1.04, Plaintiff must have a disorder of the spine resulting in compromise of a nerve root, with:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss, sensory or reflex loss, and if the lower back is involved, a positive straight-leg raising test; or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or

posture more than once every two hours; or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging.

There was no medical evidence showing Plaintiff suffered from a nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis which resulted in pseudoclaudication as set forth in Listing 1.04. Plaintiff's condition does not meet Listing 1.04.

A lumbar scan from April 13, 1995 showed no evidence of nerve root compression and the intervertebral disc spaces appeared to be within normal limits. (Tr. 138). On June 16, 2002, Plaintiff was seen at the St Joseph's Mercy Emergency Room complaining of back pain. (Tr. 149-150). Plaintiff's back exam failed to show any significant tenderness on palpation of the lumbar spine para-spinous areas, and Plaintiff's lower extremities showed no cyanosis, clubbing, or edema. (Tr. 150). Finally, as mentioned above, Dr Lewis' exam found Plaintiff had full cervical and lumbar spinal ranges of motion, and normal gait and coordination. (Tr. 202-203).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

**B. RFC**

Plaintiff claims substantial evidence does not support the ALJ's RFC determination that he can perform light work. Defendant argues the ALJ properly determined the Plaintiff's RFC.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating

physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ's hypothetical question to the VE accounted for the limited use of Plaintiff's left arm, and the inability to perform overhead work. (Tr. 16). I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated Plaintiff was capable of performing work existing in significant numbers in the national economy. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

Plaintiff also argues the ALJ's RFC failed to account for any mental impairments of Plaintiff. (Doc. No. 7, Pg. 10). Plaintiff refers to one page from the hearing transcript for support of this argument wherein Plaintiff testified he suffered depression for years which had become worse in past few years. (Tr. 250).

9

The ALJ properly found Plaintiff did not have a severe mental impairment. (Tr. 15). As pointed out by the ALJ, Plaintiff has never sought treatment for any mental-emotionally based symptoms, and there is no evidence Plaintiff has ever been medically advised to seek such treatment. (Tr. 15).

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Duty to Fully Develop the Record

Plaintiff argues the ALJ failed to properly develop the record. Plaintiff argues the ALJ relied on the opinions of non-treating, non-examining physicians who failed to review all the reports of the treating physicians, when forming an opinion of Plaintiff's RFC. (Doc. No. 7, Pg. 12). Plaintiff argues the ALJ's RFC assessment is improper based on his failure to include all of Plaintiff's impairments.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

The ALJ did not rely solely on the opinions of non-treating, non-examining physicians in, determining the Plaintiff's RFC. While it is true, the ALJ relied on the consultative exam, performed on September, 2006, by Dr. Lewis (Tr.19), the ALJ also relied on and discussed the opinions of several treating physicians in determining Plaintiff's RFC. (Tr. 18-21). Furthermore, Plaintiff has failed to show he was in anyway prejudice or treated unfairly by the ALJ, if the record was not in fact fully and fairly developed.

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**D. Subjective Complaints**

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski.* In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ outlined the *Polaski* factors, addressed those factors, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 16-21). Specifically, the ALJ noted the following: (1) Plaintiff failed to follow up with recommendations from treating physicians regrading his abuse of alcohol and tobacco, (2) Plaintiff's physicians had not placed the level of limitation on physical activities as alleged by Plaintiff, (3) Plaintiff did not use strong prescribed

medication for pain relief, (4) Plaintiff alleged no side effects from medication, and (5) Although Plaintiff claimed the financial inability to obtain medical treatment, he was capable of purchasing alcohol and tobacco products.

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this day of 13th January, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE